## TIMOTHY D. MULREY *vs.* JOHN T. BARROW & others.

If labor and materials have been furnished and used in the erection of a building, under an entire contract, with no stipulation for any separate price for either, and there is no mechanic's lien for the whole, there can be none for any part. If extra labor, however, has been performed, a lien for it may be enforced.

A lien may be enforced for labor performed in the erection of a house under the employment of one who has agreed with the owner of land to erect the house thereon, and to pay and discharge all claims for labor and materials furnished and used in the erection thereof, so that there shall be no liens upon the premises.

Petition filed November 10th 1863 to enforce a mechanic's lien on a house and land in West Roxbury. The statement of account annexed to the petition contained various items, extend‹ ing from the 3d of July to the 13th of August 1863.

It was agreed in the superior court that the labor and mate‹ rials mentioned in the statement were performed and furnished by the petitioner by virtue of an oral agreement with Edward H. Dorman, who had entered into a written contract with An‹ drew S. March, by which Dorman was within a specified time to erect a house upon a lot of land of said March, and finish the same in a specified style, and pay and discharge all claims for labor and materials furnished and used in the erection thereof so that there should be no liens upon the premises, and then March was to convey the premises to Dorman, taking a mortgage back for the value of the land, and certain advance‹ ments to be made by March to Dorman during the progress of the work. The house was built according to this contract, and on the 17th of August 1863 the premises were conveyed to Dor‹ man, and at the same time mortgaged to the Andover Sav‹ ings Bank to secure $8000. Dorman afterwards died, and the defendants are his legal representatives.

Judgment was rendered for the respondents, and the petitioner appealed to this court.

*J. M. Keith,* for the petitioner.

*J. W. May,* for the respondents.

Hoar, J. The objection which is decisive against the peti‹ tioner's claim for a lien upon the greater part of the account appended to his petition is this, that the charges are for work and materials furnished under an entire contract, and for an entire price. As he had given no notice to the owner of the land of his intention to claim a lien for the materials before they were furnished, he has no lien for them. Gen. Sts. *c.* 150, § 2. And having no lien for the materials, he has none for the labor, because there was no agreement for the labor separately, nor has any sum ever become due for it. *Morrison* v. *Minot,* 5 Allen, 403. *Graves* v. *Bemis,* 8 Allen, 573.

But the second, third, ninth and eleventh items of the account

are for labor only, which was not performed as a part of any contract which included the furnishing of materials. It is argued for the defendants that the eleventh item, " for cleaning slabs and pointing round them," includes the supply of some small amount of material. But we do not think that it appears to be true, or that there is any reason to suppose that the material used for such a purpose would make any appreciable addition to the price of the work. For these items the petitioner is therefore entitled to enforce his lien.

The petitioner filed his statement of account in the clerk's office of Roxbury within thirty days after he ceased to labor on the building, as required by Gen. Sts. *c.* 150, § 5. *Hubbard* v *Harris*, 8 Allen, 590. The labor was performed with the consent of the owner of the building, for he had made an express agreement with Dorman that the building should be erected; and his stipulation that all liens should be discharged before he would convey the estate to Dorman obviously contemplated the creation of liens in the progress of the work.

As the estate was mortgaged, however, before the statement was recorded, the lien only attaches to the equity of redemption which Dorman held. Gen. Sts. *c.* 150, § 33.

*Judgment for the petitioner.*

